AMBER MING DING #30452-112
FEDERAL CORRECTIONAL CAMP
P.O.BOX: 5100
adelanto, ca. 92301

*Denied*
*This case is closed and there is no good cause shown*
*[signature] 11·14·08*

FILED
CLERK, U.S. DISTRICT COURT
NOV 14 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF

LOS ANGELES

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> RESPONDENT ) <br> ) <br> ) <br> v ) <br> ) <br> AMBER MING DING ) <br> PETITIONER ) | CRIMINAL CASE #CR03-1051-R-1 <br><br> MOTION TO COMPEL <br> DISCLOSURE OF <br> EXCULPATORY EVIDENCE <br> **AND ORDER DENYING MOTION** |

**Defendant** Amber Ming Ding (Ding), Pro Se, moves this court for an order compelling the government to produce, to the extent that it is available to the government, the following exculpatory and impeachment material:

I. Re "L-1 Employment Visa Scheme of **500 identified Victims and $2,5 million loss**" - (See Remark 1 & Exhibit A)

    a) Page 1, 2 and 3 of each of the I-129 L-1 Visa petitioning form filed with Immigration & Naturalization Services (INS) of the 500 identified victims;

    b) Complete "Lease Agreement" of each of the I-129 package filed with INS of the 500 identified victims;

    c) Declaration/testimony of IRS SA Roger Keester and the Graphic Summary he prepared for the government to varify the 500 identified victims;

    d) Complete INS databasis and any other materials or government discoveries SA Keester used in preparing and

- 1 -

   in supporting the statistics of the graphic summary with regard to the 500 identified victims;

e) Immigration regulations and rules or relevant case rules supporting this government accussation; or used by the government with regard to the **illegality** of "non-operational" new USA companies' new L-1 visa petitions;

f) Any materials, laws, regulations used by the government to define **"non-existing" USA new companies;**

II. Re "Money Laundering Scheme and $795,000 loss of 6 immigration related investors" -

a) Any written statements, transcripts of recordings, summaries or notes of oral statements as well as "evidences" provided by, but not limited to:

1. Attorney S. Folinsky - Immigration attorney who designed China Vest I/Three Way Winners (3W) project for investors visas;
2. Attorney M. Inman - Owner of "American Export Limited Partnership" project (AEP);
3. Dr. Nelson Nee - 3W Chief of Board of Directors;
4. Daniel FAN - ex-employee of 3W and NAAIA;
5. Jimson Chen - ex-employee of 3W and NAAIA;
6. Ping Yang - CPA; CPA and chief accountant of 3W;

---

Remark 1: Exhibit A - Partial Voucher from Investigator - dated 10/27/04 charged three (3) hours in **"review 60 boxes of evidence containing thousands of beneficiary files from INS"**.

 a) Petitioner/Defendant Ding did not get to see this voucher until after her sentensing, provided by her new counsel David Denis;

 b) Petitioner/Defendant Ding was never advised by Counsel Robinson or investigator what documents were in those 60 boxes;

- 2 -

```
     7.  I-Chun Chen         - 3W project investor;
     8.  Yu-Ai Lai           - 3W project investor;
     9.  Hong Huang          - 3W project investor;
    10.  Pei-Quan QI         - 3W project investor;
    11.  Yu-Chun WU          - 3W porject investor;
    12.  Wei-Guo CHEN        - 3W project investor;  (see Remark 2)
                                                      & Exhibit B)
    13.  Yun-Dong JIANG/Le ZHOU & Jun-Fang WEN -3W investors
```

b) Current (or last known) addresses and telephone numbers of each of the persons listed in IIa);

c) Name, address and telephone numbers of any person who has received or benefited from any payment or grant or promise of immunity or other favorable consideration, direct or indirect, from the governmetn in connection with the investigation or prosecution of this case;

d) Copies of any documents in the possession of the government that authorizes, approves, implements, or evidences a payment, promise or grant described in above;

e) The complete **"original bank statement"** (see Remark 3) of defendant's

  i. Client's trust accounts, including but not limited to "NAAIA", "Alpine Management" and "United Cultural Exchange Foundation" (U.C.E.F.)

  ii. 3W corporate account;

---

Remark 2 - Transcript of "oral argument" of defendant's direct appeal reveals the fact that the government denied defendant's motion to request contacting methods/outlets to 6 3W project investors;  Exhibit B is letter copy from Prosecutor to defendant's counsel Denis confirming this denial;

Remark 3 - **"Original Bank Statement"** are the copies provided directly by the banks. Not the "re-organized" and/or "re-structured" statement copies created by government or government agents.

   f) Complete Vouchers Investigator filed with the government covers the total billing payment of $5440.50 revealing the works done on behalf of the defendant. (See Exhibit A and Remark 4);

   g) Civil case #BC206941 T.Chen's deposition & Folinsky's Cross complain filed 7-26-1999;

**III. Marriage Fraud:**

   a) Co-defendants **Ting** and **Shaw's I-131 petitioning packages** filed with INS, specifically the "employment Certificate" letters used in support of these petitions bearing 3W letterhead and Defendant Ding's signatures;

   b) Co-defendants Ting and Shaw's personal income tax and any other tax records related to 3W company;

## Grounds for Relif

1. **Each** of the requests sought by this motion is justified under the doctrine established in the leading case of **Brady v. Maryland,** 373 U.S.83,87, 83S. Ct. 1194 10 L. Ed.2d 215 (1963).

2. The identity and statements of witnesses listed in this motion and.or any witness not listed in this motion, not favorable to the governmetn and that the government does not intent to call, may be essential to the defendant.

---

Remark 4 - Exhibit A (Voucher of Investigator) and Exhibit C (ex-counsel Robinson's affidavit of 3/3/2005) both indicated full job done with regard to obtain witnesses on behalf of defendant:

   a) Exhibit C/Page 2,line 25-26: "In addition, I asked private investigator to determine the availability of witnesses for interviews. He did attempt to contact...."

   b) Defendant was not advised of the results of the effort except "no one wants to talk to you" as indicated by counsel Robinson. His conclusion is "your case is indefensible". (Exhibit C/Page 10, line 9)

3. Defendant/Petitioner's ex-counsel (Robinson) might have received certain information and documents from the government (See Exhibit C, Page 10, line 9: See Remark 5) As the court and the government are aware, the rule requires the government to provide defendant with, among other things, **"any evidence favorable** to the defendant."

4. Defendant Ding moves the court to require the government to disclose immediately any previously undisclosed evidence or information/documents in its possession, custody, or control, the existence of which is known, or by the exercise of due diligence may become known, that is favorable to the defendant and is material to the issues of her guilty or innocence or sentencing, or that bears on the credibility of a government witness or that consists of documents or tangible objects that are material to the preparations of petitioner's motions.

---

Remark 5 - Exhibit C, Page 2/line 4,5,6: "I reviewed all of he voluminous discovery produced by the government in this case. The discovery included approximately **40,000** pages of documents including....."

   a) To the best of her memory according to her diary during the time period of between August, 2004 thru Dec.5,2004 (trial date scheduled on Dec. 6,2004) Defendant received in three mailings from the ex-counsel Robinson approximately 800 pages of discoveries and among which, 4 identical copies of the investor visa petitioning package totaling around 380 pages. (**Defendant's Diary** as Exhibit D)

   b) Defendant was never advised/informed by ex-counsel that any and all of the government discoveries were for defendant's review.

   c) The only informatino provided by ex-counsel Robinson was that the government discoveries was **"voluminous"** and **"enough to burry you at trial", and which made this case "indefensible".**

   d) As to the "60 boxes" INS documents reviewed by investor, defendant still has now knowledge if they are still in prosecutor's office since in ex-counsel's affidavit, he only stated that "I tasked the private investigator with assisting me in reviewing the INS files associated with the case and which the government has **made available for review"**. So these INS evidences were either surpressed by the governmetn or by ex-counsel. (Exb. C/Page 2/line 16-19)

- 5 -

**6.** Defendant has no reason to believe that the government has failed to comply with this requriement. However, this motion is nonetheless required in order to preserve on the record any issues under **Brady v. Maryland,** 373, U.S. 83,87,83 S Ct.1194. 10 L. Ed 2d 215 and its progeny, as the protections afforded under those authorities are, to a certain extent, contingent on a defense requested, See United States v. Agurs, 427 U.S. 97, 106, 96 S Ct 2392, 49 L Ed. 2d 342 (1976) (in post-trial claims for denial of due process, there is lower standard for measuring relevancy of material not disclosed than when no request has been made.)* See Remark 6.

**Record on Motion**

This motion is based on this document, on the Certificate of Service of this document, and on all of the pleadings and papers already on file in this action.

Dated:_____        By_____
                              Amber Ming Ding, Petitioner
                              #30452-112

---

Remark 6 - Since Defendant/petitioner is currently in the custody of Federal correctional camp, there is **no facilites available to inmates for their legal work** (i.e. computers, CD players...)

All informations/documents produced by government must be in paper and in complete package with page numbers on each various packages.

- 6 -

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFIED THAT I AMBER MING DING DEPOSIT THIS MOTION ON A FEDERAL CORRECTIONAL CAMP MAILBOX IN THE CITY OF ADELANTO, CA ON THIS \_\_\_\_\_ DAY OF OCTOBER, 2008.

 

_____
AMBER MING DING
FEDERAL CORRECTIONAL CAMP
P.O. BOX 5100
ADELANTO, CA. 92301